UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES H. MURUNGI, | CIVIL ACTION |
| Plaintiff | NO: 11-1823 |
| VERSUS | SECTION "H" |
| | JUDGE JANE TRICHE MILAZZO |
| TOURO INFIRMARY, | MAGISTRATE: |
| Defendant | JUDGE ALMA CHASEZ |

**ORDER & REASONS**

Before the Court is Defendants Touro Infirmary ("Touro"), Lee B. Hankins ("Hankins"), and Raquel S. Margulis's ("Margulis") Motion to Dismiss. (Doc. 33.) For the reasons stated below, the Motion is **GRANTED.**

**IT IS ORDERED** that Plaintiff's HIPAA claims and FDCA claims against Touro, Hankins, and Margulis are **DISMISSED WITH PREJUDICE.** No private right of action exists under HIPAA or the FDCA; therefore, Plaintiff lacks standing to bring these claims, and the Court dismisses them for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII claims against Hankins and Margulis are

1

**DISMISSED WITH PREJUDICE.** Individual liability of employees does not exist under Title VII. Accordingly, the Court dismisses these claims for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff's intentional infliction of emotion distress claims are **DISMISSED WITH PREJUDICE.** These claims are prescribed and dismissed for failure to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff Murungi filed the Complaint in this action on March 15, 2011, in the Western District of Louisiana, alleging that he was passed over for a clinical pharmacy manager position at Touro Hospital that was advertised in April 2009. Plaintiff believes that Defendants discriminated against him on the basis of his race, color, national origin, and age. (Doc. 1 ¶ 1). He also alleges that he was subjected to harassment, a hostile work environment, lateral abuse, psychological abuse, and retaliatory actions (Doc. 1 ¶ 1), as well as intimidation (Doc. 1 ¶ 37), humiliation (Doc. 1 ¶¶ 38-74), violations of the Health Insurance Portability and Accountability Act ("HIPAA") (Doc. 1 ¶¶ 75-81), and intentional infliction of emotional distress (Doc. 1 ¶ 124). Plaintiff also brings claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Equal Pay Act of 1963, and the Federal Food, Drug, and Cosmetic Act ("FDCA"), as well as under La. R.S. 46:1105(D) and other unspecified state laws. (Doc. 1 ¶ 1.)

Plaintiff sued four defendants: Touro Infirmary, Lee B. Hankins, Raquel S. Margulis, and

Theresa Williams. At the time Moving Defendants filed this Motion, Theresa Williams had not been served. The case was transferred to the Eastern District of Louisiana on July 26, 2011. (Doc. 25.) On September 9, 2011, Defendants Touro, Hankins, and Margulis ("Moving Defendants") filed the current Motion to Dismiss. Plaintiff filed his opposition to the Motion on October 17, 2011 (Doc. 37), and Defendants filed their Reply on November 14, 2011. (Doc. 52.) For the following reasons, the Court grants the Motion.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If it is apparent from the face of the complaint that an

insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock,* 549 U.S. 199, 215 (2007). Accordingly, it is appropriate for a court to grant a 12(b)(6) motion to dismiss when a claim is time barred. *Id.*

If at any time the court determines that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998)). A party seeking to invoke federal court jurisdiction must present an actual case or controversy. *See* U.S. Const. art. III § 2; *Flast v. Cohen*, 392 U.S. 83, 94-95 (1968). Standing is an element of the constitutional requirement of "case or controversy," *Lang v. French*, 154 F.3d 217, 222 n.28 (5th Cir. 1998), and lack of standing deprives the court of subject matter jurisdiction. *Dynasty Oil & Gas, LLC v. Citizens Bank* (*In re United Operating, LLC*), 540 F.3d 351, 354-355 n.1 (5th Cir. 2008). The party seeking to invoke federal jurisdiction has the burden of establishing that it has standing to bring claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Grant v. Gilbert*, 324 F.3d 383, 387 (5th Cir. 2003).

**DISCUSSION**

Plaintiff's HIPAA and FDCA claims against Moving Defendants are dismissed. No private right of action exists under either HIPAA or the FDCA, and Plaintiff lacks standing to bring those

4

claims.  In addition, Plaintiff's Title VII claims against Hankins and Margulis are dismissed.  Title VII does not allow individual liability claims against employees.  Lastly, the Court dismisses Plaintiff's claims against Moving Defendants for intentional infliction of emotional distress because those claims are prescribed.  Accordingly, Defendants' Motion is granted.

*I.     Plaintiff's HIPAA & FDCA Claims*

Plaintiff alleges a series of HIPAA violations, as well as FDCA violations. As neither HIPAA nor the FDCA provides for a private cause of action, the Court must dismiss all claims that Plaintiff brings against Moving Defendants under these statutes.  Accordingly, Plaintiff's HIPAA claims and FDCA claims against Moving Defendants are dismissed.

HIPAA provides for the confidentiality of a patient's medical records .  42 U.S.C.A. §§ 1320d-1 to d-7 (West 2011).  Since HIPAA does not expressly provide a private right of action, courts must determine if the statute implies this right.  *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (citing *Banks v. Dallas Hous. Auth.*, 271 F.3d 605, 608 (5th Cir. 2001)).  A party asserting a private right of action for alleged violations of a federal statute bears the burden of showing that Congress intended private enforcement and must overcome a presumption that Congress did not intend to allow private enforcement.  *Id.* (citing *Casas v. Am. Airlines, Inc.,* 304 F.3d 517, 521-522 (5th Cir. 2002)).  The Fifth Circuit has found that no private right of action exists under HIPAA.  *Id.* at 572.  Similarly, the Sixth Circuit has held that the FDCA does not create a private right of action.  *Bailey v. Johnson*, 48 F.3d 965, 968 (6th Cir. 1995).  The Fifth Circuit has upheld dismissal of a plaintiff's

5

claim when the plaintiff fails to show that the FDCA creates a private right of action. *Scott v. Pfizer, Inc.*, 182 Fed.Appx. 312, 315 (5th Cir. 2006) (unpublished opinion).

In this case, Plaintiff has failed to meet his burden of showing that he has standing to bring claims under HIPAA or the FDCA. These statutes do not expressly or impliedly grant private parties the right to sue for damages for an alleged violation of the statute. Accordingly, the Court dismisses Plaintiff's HIPAA and FDCA claims against Moving Defendants for lack of subject-matter jurisdiction.

*II.     Individual Liability Claims Under Title VII*

Plaintiff cannot recover under Title VII against Hankins and Margulis because they do not qualify as employers under Title VII. As a result, the Court must dismiss Plaintiff's Title VII claims against Hankins and Margulis.

Only "employers" can be liable under Title VII. 42 U.S.C.A. § 2000e(b) (West 2012); *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994). An "employer" includes any "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks . . . ." 42 U.S.C.A. § 2000e(a). The Fifth Circuit has specifically found that "[i]ndividuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003)(citing *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002)).

In this case, Hankins and Margulis are not "employers" as Title VII defines the term.

Hankins and Margulis were both employees of Touro. (Doc. 1 ¶¶ 6-7.) As a result, neither can be held individually liable under Title VII. As an insurmountable bar to relief exists, and the Plaintiff is not entitled to relief, the Court dismisses Plaintiff's Title VII claims against Hankins and Margulis for failure to state a claim upon which relief can be granted.

*III.     Plaintiff's Intentional Infliction of Emotional Distress Claims*

Plaintiff also brings claims against Moving Defendants for intentional infliction of emotional distress. The Court dismisses these claims as prescribed.

Under Louisiana law, intentional infliction of emotional distress is a delictual action subject to a prescriptive period of one year. *Pratt v. La. State Med. Ctr. In Shreveport*, 953 So.2d 876, 880 (La. App. 2 Cir. 2/28/07). The prescriptive period begins to run on the day the Plaintiff sustains the injury or damage. La. Civ. Code Ann. art. 3492 (2012). The filing of an Equal Opportunity Employment Commission claim does not toll, interrupt, or suspend the prescriptive period for state law claims. *Drury v. U.S. Army Corps of Eng'rs*, 359 F.3d 366, 368 (5th Cir.2004)(citing *Taylor v. Bunge Corp.*, 775 F.2d 617, 618-19 (5th Cir.1985)).

Here, the latest date that Plaintiff alleges any wrongdoing is December 18, 2009, making that the latest date that the prescriptive period could have begun running. As a result, Louisiana law required Plaintiff to file a lawsuit alleging his claims for intentional infliction of emotional distress no later than December 18, 2010; however, Plaintiff did not file this claim until March 15, 2011. Accordingly, Plaintiff's Complaint establishes that his intentional infliction of emotional

distress claim is prescribed.  As a result, an insurmountable bar to relief exists, and the Court dismisses Plaintiff's intentional infliction of emotional distress claims against Moving Defendants.

**CONCLUSION**

For the reasons stated above, Plaintiff's HIPAA claims against Moving Defendants, FDCA claims against Moving Defendants, Title VII claims against Hankins and Margulis, and intentional infliction of emotion distress claims against Moving Defendants are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 20th day of March, 2012.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**