UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES H. MURUNGI | CIVIL ACTION |
| Plaintiff | NO. 11-1823 |
| VERSUS | SECTION "H" |
| TOURO INFIRMARY ET AL. | JUDGE MILAZZO |
| Defendants | |

## ORDER & REASONS

Before the Court are Defendant Theresa Williams's ("Williams") Motion to Dismiss (Doc. 78), and Defendants Touro Infirmiry ("Touro"), Lee B. Hankins ("Hankins), and Raquel S. Margulis's ("Margulis") Second Motion to Dismiss (Doc. 82).

IT IS ORDERED that Defendant Williams's Motion to Dismiss is GRANTED in part and DENIED in part. Additionally, Defendants' Second Motion to Dismiss is GRANTED in part and DENIED in part.

IT IS ORDERED that Plaintiff's HIPAA, FDCA, Title VII, and intentional infliction of emotional distress claims against Defendant Williams are DISMISSED WITH PREJUDICE. As the claims against

1

Williams are identical to those against Defendants Hankins and Margulis, the Court adopts its reasoning as provided in the first Order Granting Motion to Dismiss (Doc. 81) as if copied here in its entirety.

IT IS FURTHER ORDERED that Plaintiff's ADEA and LEDL claims, as well as any claims of lateral violence under 42 U.S.C. § 1981 or La. Rev. Stat. § 23:332 are DISMISSED WITH PREJUDICE as to all individual Defendants. Additionally, any claims under La. Rev. Stat.§ 46:1105(D) or La. Admin. Code § 46:1105(D) are DISMISSED WITH PREJUDICE against all Defendants.

The Motions are DENIED as to Plaintiff's claims under the EPA against Defendants Williams, Hankins, and Margulis. Individuals may be held liable under the EPA, so a factual determination must be made as to Defendants' roles and involvement in the EPA claims.

## BACKGROUND

Plaintiff Murungi filed the Complaint in this action on March 15, 2011, in the Western District of Louisiana, alleging that he was passed over for a clinical pharmacy manager position at Touro Hospital that was advertised in April 2009. Plaintiff believes that Defendants discriminated against him on the basis of his race, color, national origin, and age. (Doc. 1 ¶ 1). He also alleges that he was subjected to harassment, a hostile work environment, lateral abuse, psychological abuse, and retaliatory actions (Doc. 1 ¶ 1), as well as intimidation (Doc. 1 ¶ 37), humiliation (Doc. 1 ¶¶ 38-74), violations of the Health Insurance Portability and Accountability Act ("HIPAA") (Doc. 1 ¶¶ 75-81), and intentional infliction of emotional distress ("IIED") (Doc. 1 ¶ 124). Plaintiff also

2

brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Equal Pay Act of 1963 ("EPA"), and the Federal Food, Drug, and Cosmetic Act ("FDCA"), as well as under Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 46:1105(D), and other unspecified state laws.  (Doc. 1 ¶ 1.)

Plaintiff sued four defendants: Touro Infirmary, Lee B. Hankins, Raquel S. Margulis, and Theresa Williams. The case was transferred to the Eastern District of Louisiana on July 26, 2011. (Doc. 25.)  On September 9, 2011, Defendants Touro, Hankins, and Margulis filed the first Motion to Dismiss. At the time they filed the first Motion, Defendant Williams had not been served.  On March 16, 2012, Williams filed the current Motion to Dismiss. (Doc. 78). On March 21, 2012, the Court granted the Motion to Dismiss the HIPAA, FDCA, and Title VII claims against Hankins and Margulis, as well as the IIED claims as to Touro, Hankins, and Margulis. (Doc. 81.) On March 27, 2012, Touro, Hankins, and Margulis filed a Second Motion to Dismiss, asking the Court to dismiss any remaining claims against them. (Doc. 82). Plaintiff filed his oppositions to the Motions on April 4, 2012. (Doc. 83, 84.) Defendants filed their replies on April 11, 2012. (Doc. 90, 92). Plaintiff also filed a Memorandum in Opposition to Defendants' Motion to Dismiss all individual Defendants as Employers on May 9, 2012. (Doc. 93). The Court took the Motions under submission on April 11, 2012.

3

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is plausible on its face when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 578. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

**DISCUSSION**

The Court adopts the reasoning provided in the first Order Granting Motion to Dismiss as to Plaintiff's HIPAA, FDCA, Title VII, and IIED claims against Defendant Williams. Accordingly, the Court GRANTS Defendant's Motion as to these claims. Furthermore, the Court GRANTS Defendants'

4

Motions as to the ADEA, LEDL, and "lateral violence" claims against individual Defendants.[1] Additionally, any claims against all Defendants under La. Rev. Stat. § 46:1105(D) or La. Admin. Code § 46:1105(D) are also DISMISSED. However, the Motions are DENIED as to Plaintiff's EPA claims.

### I. *Plaintiff's ADEA Claims Against All Individual Defendants*

Plaintiff cannot recover under the ADEA against Defendants Williams, Hankins, and Margulis as they do not qualify as employers under the ADEA. As a result, the Court must dismiss Plaintiff's ADEA claims against all individual Defendants.

"The ADEA makes it unlawful for an employer to discriminate against an individual on the basis of age." *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). The ADEA defines an employer as "a person engaged in an industry affecting commerce who has twenty or more employees" and also includes "any agent of such a person . . . ." 19 U.S.C.§ 630(b). However, the "the purpose of the inclusion of the 'agent' provision was to incorporate *respondeat superior* principles into [the statute] rather than to impose individual liability on supervisory employees." *Whitworth v. Lance, Inc.*, No. 96-3218P, 1997 WL 446455 (N.D. Tex. July 28, 1997).

The Fifth Circuit has specifically held that "[o]nly employers, and not individual supervisors, may be held liable under the Act." *Christian v. Stein*, No. 03-1114, 2003 WL 22966366, at *1 (E.D. La. Dec. 12, 2003) (citing *Stults,* 76 F.3d at 655). *See also Medina v. Ramsey Steel Co., Inc.*, 238 F.3d

---

[1] Plaintiff did not plead in his Complaint that Defendants engaged in "lateral violence" by requiring him to stay in a room for four hours without being allowed to use the restroom, as is asserted in his opposition.

5

674, 686 (5th Cir. 2001). In addition, Plaintiff did not oppose dismissal of the ADEA claims, and the Complaint does not make allegations sufficient to find individual Defendants qualify as Plaintiff's employers under the ADEA. Accordingly, the ADEA claims against Williams, Hankins, and Margulis are DISMISSED WITH PREJUDICE.

  *II. Plaintiff's LEDL Claims Against All Individual Defendants*

Plaintiff cannot recover under the LEDL. "[A]n 'employer' within the meaning of Louisiana's anti-discrimination statute includes 'a person, association, legal or commercial entity . . . receiving services from an employee *and, in return, giving compensation* of any kind to an employee.'" *Seal v. Gateway Companies, Inc.*, No. 01-1322, 2002 WL 10456, at *3 (E.D. La. Jan. 3, 2002) (citing La. Rev. Stat.§ 23:302(2)). The court considers "whether the defendant paid the plaintiff's wages and withheld federal, state, unemployment or social security taxes from his check." *Duplessis v. Warren Petroleum, Inc.*, 672 So.2d 1019, 1023 (La. App. 4 Cir. 1996).

The Court finds that individual Defendants are not Plaintiff's employer under this definition. Plaintiff also has not opposed dismissal of his LEDL claims, and the Complaint does not make allegations sufficient to find individual Defendants qualify as employers under the LEDL. Accordingly, all LEDL claims against individual Defendants are DISMISSED WITH PREJUDICE.

  *III. Plaintiff's Claims Under La. Rev. Stat.§ 42:1105(D)*

Plaintiff mentions "La.R.S. Title 46 § 1105(D)" in his Complaint during the discussion of IIED. However, this statute does not appear to be applicable since the statute referenced is related to

6

medical scholarships. If Plaintiff is instead referring to Title 46 § 1105(D) of Louisiana's Administrative Code, there is no private right of action as this section provides rules and regulations adopted by the Louisiana Board of Pharmacy. Therefore, any claims against Defendants under La. Rev. Stat.§ 46:1105(D) or La. Admin. Code § 46:1105(D) are DISMISSED WITH PREJUDICE.

IV.     *Plaintiff's EPA Claims*

The Equal Pay Act of 1963 is an amendment to the Fair Labor Standards Act ("FLSA"). The FLSA's definition of employer "includes any person *acting directly or indirectly in the interest of an employer* in relation to an employee . . . ." 29 U.S.C. § 203(d) (2006) (emphasis added). Defendants contend that the EPA does not provide a basis for individual liability. However, the Fifth Circuit has not interpreted employer so narrowly as to exclude individual liability in all cases.

> The Fifth Circuit has specifically rejected "formalistic labels or common-law notions of the employment relationship" in the FLSA context. *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983). Instead, the court has insisted that the "analysis must focus upon the totality of the circumstances" and "adhere to the firmly-established guidon that the FLSA must be liberally construed to effectuate Congress' remedial intent."

*Solis v. Universal Project Mgmt., Inc.,* No. 08-1517, 2009 WL 4043362, at *6 (S.D. Tex. Nov. 19, 2009) (quoting *Donovan*, 695 F.2d at 194).

The Fifth Circuit has held that the FLSA's definition of employer is "sufficiently broad to encompass an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the

7

corporation vis-a-vis its employees." *Donovan*, 695 F.2d at 194-95. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993) (finding defendant was an employer under the EPA because he had "exercised control over the work situation" by hiring and directly supervising employees, signing paychecks, and serving as the "driving force" behind the company); *Donovan v. Grim Hotel Co.*, 747 F.2d 966 (5th Cir. 1984) (finding the defendant was an employer under the EPA because he held [the companies'] purse strings).

Because individuals may be held liable under the EPA, a factual determination must be made as to each Defendant's role before the claims may be dismissed. In *Hawthorne v. Reily Foods Co.*, the court considered a motion to dismiss an EPA claim against individual defendants. The court stated:

> Because the Court must accept the plaintiff's factual allegations as true at this stage of the litigation, dismissal of the Equal Pay Act claim . . . is not appropriate. The question of whether [the defendants] may be individually liable as the plaintiff's employer requires a fact-intensive inquiry ill-suited to resolution under Rule 12. Rather, the issue is properly resolved by summary judgment following the submission of affidavits, depositions, and other evidence allowed under Rule 56(c), or at trial.

No. 01–1405, 2001 WL 902596, at *2 (E.D. La. Aug. 9, 2001).

Therefore, Defendants' Motions to Dismiss the EPA claims are DENIED. An individual may be individually liable under the EPA if he is found to be acting directly or indirectly in the interest of an employer. Therefore, a factual determination must be made as to the role of each Defendant with respect to the EPA claims; the issue is properly resolved by summary judgment.

## CONCLUSION

Defendant Williams's Motion for Dismissal as well as Defendants' Second Motion for Dismissal are GRANTED, in part, and DISMISSED, in part. Aside from the EPA claims, all aforementioned claims against individual Defendants are DISMISSED. All other claims are reserved.

New Orleans, Louisiana, this 13th day of July, 2012.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**