MINUTE ENTRY
CHASEZ, M.J.
FEBRUARY 6, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES H. MURUNGI                              CIVIL ACTION

VERSUS                                        NUMBER: 11-1823

TOURO INFIRMARY, ET AL.                       SECTION: "H"(5)


HEARING ON MOTION

APPEARANCES:   Suzanne Risey, James Murungi

MOTION:

(1) Defendants' Motion to Quash (Rec. doc. 130).


_____ :   Continued to

_____ :   No opposition

__1__ :   Opposition


ORDERED

_____ :   Dismissed as moot.

_____ :   Dismissed for failure of counsel to appear.

_____ :   Granted.

_____ :   Denied.

__1__ :   Other:

   Defendants are to provide plaintiff with dates in the first two weeks in March when Touro, Margulis,

MJSTAR(00:55)

and Williams are available to be deposed. The deposition of Touro is to go forward in New Orleans. Plaintiff's deposition is to go forward as scheduled on February 18, 2013.

The Court's rulings set forth below correspond to the areas of inquiry in Schedule B of plaintiff's R.30(b)(6) deposition notice to Touro:

No. 1:   Touro has agreed to produce a witness to testify about the handbooks, etc. that were in effect during plaintiff's employment.

No. 2:   Touro is to produce a witness to testify to the documents that were in its possession at the time they hired Margulis and that are related to Margulis herself.

No. 3:   Touro has agreed to make a witness available to testify to the lack of any race discrimination complaints from plaintiff during his employment.

No. 4:   Touro has agreed to produce a witness.

No. 5:   Touro is to produce a witness and any complaints that may have been made to Human Resources from February to December of 2009.

No. 6:   granted.

No. 7:   Touro has agreed to produce a witness to testify about the lack of drug diversions related to Hankins in 2009.

No. 8:   granted.

Nos. 9, 10:   Touro has agreed to produce a witness to testify to the reasons Margulis was selected for the Clinical Pharmacy Manager position.

No. 11:   Touro has agreed to produce a witness.

Nos. 12, 13:   Touro is to produce a witness who

                  can testify about any background checks that were performed before Margulis and Hankins were hired.

Nos. 14-17:   Touro has agreed to produce a witness to testify about relevant policies.

No. 18:   same as the Court's ruling on No. 2, <u>supra</u>.

No. 19:   plaintiff may question the R.30(b)(6) representative about the lack of drug diversions related to Hankins in 2009 and may file the appropriate motion as to any questions that were improperly not answered.

No. 20:   granted.

Nos. 21, 22:   Touro has agreed to produce a witness to testify about relevant policies and about issues raised in this lawsuit.

No. 23:   same as the Court's ruling on No. 4, <u>supra</u>.

No. 24:   granted.

No. 25:   plaintiff may question the R.30(b)(6) representative about the role that Hankins and Williams played in his termination.

Nos. 26, 27:   granted.

Nos. 28, 29, 30:   Touro has agreed to produce a witness.

No. 31:   Touro has agreed to produce a witness to testify about relevant policies.

No. 32:   Touro is to produce a witness to testify, limited to 2009-2010 and plaintiff's position.

No. 33:   granted.

Nos. 34, 35:  Touro has agreed to produce a witness.

No. 36:  Touro has agreed to produce a witness to testify about relevant policies.

No. 37:  Touro is to produce a witness, limited to 2009-2010 and clinical pharmacists.

No. 38:  granted.

No. 39:  Touro has agreed to produce a witness to testify consistent with the Court's prior rulings.

No. 40:  Touro is to produce a witness.

No. 41:  in addition to what it has previously provided and the witness it intends to produce, any interview questions that exist for Margulis are to be produced.

No. 42:  same as the Court's ruling on No. 30, supra.

No. 43:  Touro has agreed to produce a witness.

No. 44:  plaintiff may inquire about the retention policy for any audio tapes of clinical pharmacy meetings in 2009 and whether any such audio tapes are still available.

No. 45:  Touro has agreed to produce a witness.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE