UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES H. MURUNGI                              CIVIL ACTION

VERSUS                                        NUMBER: 11-1823

TOURO INFIRMARY, ET AL.                       SECTION: "H"(5)

## REPORT AND RECOMMENDATION

Presently before the Court is the second Rule 37 motion to dismiss of defendants, Touro Infirmary, Lee Hankins, Raquel Margulis, and Theresa Williams.  (Rec. doc. 165).  For the reasons that follow, it is recommended that defendants' motion be granted.

The above-captioned matter had its genesis on March 15, 2011 when pro se plaintiff, James H. Murungi, filed this employment-related lawsuit against the moving defendants in the United States District Court for the Western District of Louisiana.  (Rec. doc. 1).  On defendants' motion, the case was subsequently transferred here as the only connection that the litigation had with the Western District was that plaintiff had moved there shortly before suit was filed.  (Rec. docs. 24, 25).  While defendants' motion to dismiss was pending and before a preliminary conference had been

scheduled, plaintiff attempted to subpoena documents from the defendants, prompting them to file a motion to quash. (Rec. doc. 48). Plaintiff filed no opposition to the motion to quash which was granted by the Court on November 30, 2011. (Rec. doc. 59).

Following further motion practice, various claims that had been asserted against the defendants were dismissed on March 20 and July 13, 2012. (Rec. docs. 81, 95). A scheduling conference went forward on July 31, 2012 at which a trial date and attendant cut-off dates were established. (Rec. doc. 98). On August 16, 2012, plaintiff filed a motion to quash written discovery requests that had been served on him by the defendants. (Rec. doc. 99). That motion was denied on September 27, 2012 in light of the scheduling conference already having taken place. (Rec. doc. 102).

On October 16, 2012, defendants filed a motion to compel requesting that plaintiff be ordered to respond to the written discovery that had been served on him on August 2, 2012, the very same written discovery that had been the subject of plaintiff's unsuccessful motion to quash. (Rec. doc. 103). Among the discovery that was sought to be compelled by the defendants was all documents evidencing income plaintiff had received from December 18, 2009 and copies of federal and state income tax returns for the tax years 2009 to the present. (Rec. doc. 103-2, p. 20). Plaintiff filed no opposition to the defendants' motion within the

2

time prescribed by Local Rule 7.5 and on October 29, 2012, the Court granted defendants' motion, ordering plaintiff to respond to the defendants' outstanding discovery requests within two (2) weeks if he had not already done so. (Rec. doc. 106). The Court's order specifically cautioned plaintiff that his failure to respond to the defendants' outstanding discovery requests would result in the issuance of a Report and Recommendation recommending that his lawsuit be dismissed for failure to prosecute and for failure to comply with the Court's order. (Id.).

On November 20, 2012, defendants filed a motion for contempt in which they represented that plaintiff had failed to meaningfully respond to their written discovery requests as was ordered by the Court, including failing to provide them with his tax returns. (Rec. doc. 108). On November 29, 2012, two days after his opposition to defendants' motion for contempt was due under Local Rule 7.5, plaintiff filed a motion to continue the hearing that had been scheduled on defendants' motion, citing a scheduling conflict. (Rec. doc. 110). The Court granted plaintiff a brief continuance and following a hearing on December 7, 2012, ordered plaintiff to provide the defendants with responses to their discovery requests, including all documents evidencing income during the relevant time period and certified copies of his federal and state tax returns, deleted therefrom the income that was attributable to his wife.

(Rec. doc. 113).   Plaintiff was also ordered to provide the defendants with firm dates in January and February of 2013 on which he could be deposed.  (<u>Id</u>.).  All of this was to be accomplished within one (1) week.  (<u>Id</u>.).

On January 2, 2013, defendants filed their first motion to dismiss, representing therein that plaintiff still had not meaningfully responded to their written discovery requests as had been ordered by the Court on two (2) separate occasions.  (Rec. doc. 117).  Notably, other than a scant few documents that had previously been produced, plaintiff had still not provided the defendants with documents evidencing his income since leaving the employ of Touro and he still had not produced his tax returns. (<u>Id</u>.).  In the meantime, plaintiff had filed his own motion to compel. (Rec. doc. 114).  Following telephonic hearings on January 9 and 16, 2013, although the Court ordered the defendants to supplement certain of their responses to plaintiff's discovery requests, the Court denied the majority of plaintiff's motion as his requests were not susceptible to responses as written, were overly broad, or had been sufficiently responded to.  (Rec. docs. 122, 124).

On January 28, 2013, the defendants moved to quash depositions of them which plaintiff had unilaterally scheduled to go forward at his residence in Lafayette, Louisiana.  (Rec. doc. 130).  Before a

4

hearing could go forward on that motion, plaintiff went on the offensive by filing a motion for spoliation sanctions and a motion for contempt and fraud on the court and for a default judgment. (Rec. docs. 135, 136). Defendants' motion to quash was heard on February 6, 2013 during which the Court, inter alia, painstakingly went through plaintiff's voluminous Rule 30(b)(6) deposition notice to Touro, quashing a number of areas of inquiry and limiting others. (Rec. doc. 137). The Court also ordered plaintiff's deposition to go forward as was then scheduled on February 18, 2013. (Id.).

Plaintiff appeared at the offices of defense counsel on February 18, 2013, which happened to be Washington's Birthday, but initially refused to go forward with his deposition because Touro's corporate representative was present and because the deposition was to be videotaped. Those refusals necessitated a conference call which was entertained by Judge Africk who ordered the deposition to proceed. (Rec. doc. 143). What followed was largely an exercise in futility as plaintiff refused to answer the most basic of questions, ultimately invoking the Fifth Amendment with respect to questions about his tax returns. (Rec. doc. 153-1). Those refusals would form the basis of a second motion for contempt from the defendants and a supplemental memorandum in support of their previous motion to dismiss, which motion was then referred to the

undersigned by the District Judge.  (Rec. docs. 145, 153, 147).

On March 1, 2013, a lengthy hearing was held on defendants' motion to dismiss and their second motion for contempt and plaintiff's motion for spoliation sanctions and for contempt, fraud, and default judgment with plaintiff and defense counsel in attendance along with a court reporter.  (Rec. doc. 158).  At the hearing, the Court ordered plaintiff to, <u>inter alia</u>, provide the defendants with unredacted copies of the federal tax returns he had previously produced, along with any and all attachments and schedules thereto, as well as any state tax returns that were in his possession.  (<u>Id</u>.).  The Court also ordered plaintiff to execute and provide authorizations to the defendants which would allow for the release of those returns by the IRS and the Louisiana Department of Revenue.  (<u>Id</u>.).  Plaintiff's past employment and medical records which had likewise been requested by the defendants were given similar treatment.  (<u>Id</u>.).  In an effort to afford plaintiff one final opportunity to remedy the recalcitrant behavior he had exhibited throughout the discovery process, the Court further ordered his deposition to be resumed here in the courthouse on March 18, 2013.  (<u>Id</u>.).  During the course of the hearing, plaintiff was once again advised that his continued discovery refusals would result in the dismissal of his lawsuit.  (Rec. doc. 165-2).

Unfortunately, despite the Court's numerous indulgences and warnings, plaintiff failed to provide the defendants with unredacted copies of the federal tax returns that he had previously provided.  In fact, the federal tax documentation that he has produced appears to be tax transcripts that plaintiff obtained online rather than the actual returns themselves.  Plaintiff claimed that he possessed no unredacted versions of the tax transcripts he had previously provided and he made no attempt to obtain additional copies in advance of his deposition although he did execute an IRS authorization.  (Rec. doc. 165-3, pp. 24 et seq.).  As for his state tax returns, those have never been produced and the authorization that was provided to him by the defendants was altered to essentially accuse them of theft of his wife's identity, thus rendering the authorization essentially useless.  (Rec. doc. 165-3, pp. 16-18).

The Court views with great skepticism plaintiff's claim that a well-educated professional such as himself would not retain copies of the federal and state tax returns that he has filed in the past several years.  In addition to refusing to answer questions seeking the most basic of information, plaintiff refused to testify why he had invoked the Fifth Amendment at his first deposition.  (Rec. docs. 165-3; 165-1, pp. 4-6).  It is on the heels of this latest round of recalcitrance that the defendants'

second motion to dismiss finds its way before the Court.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure enumerates seven forms of sanctions that can validly be imposed where a party fails to obey a court order to provide discovery which may include the following:

> (I)  directing that the matters embraced in the order or other designated facts be taken as established for purpose of the action, as the prevailing party claims;
>
> (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii)  striking pleadings in whole or in part;
>
> (iv)  staying further proceedings until the order is obeyed;
>
> (v)  <u>dismissing</u> <u>the</u> <u>action</u> or proceeding <u>in whole</u> or in part;
>
> (vi)  rendering a default judgment against the disobedient party; or
>
> (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(Emphasis added).

A district court possesses considerable discretion to impose sanctions under Rule 37. <u>McLeod, Alexander, Powel & Apffel</u>, 894 F.2d 1482, 1486 (5th Cir. 1990)(quoting <u>Sciambra v. Graham News Co.</u>, 841 F.2d 651, 655 (5th Cir.), <u>cert</u>. <u>denied</u>, 488 U.S. 855, 109 S. Ct. 143 (1988)).  The factors to be considered in determining whether dismissal is warranted for failing to comply with a valid discovery order include whether the failure to comply resulted from

8

wilfulness or bad faith, whether the deterrent value of Rule 37 cannot be achieved by the use of less drastic measures, whether the opposing party's trial preparation was substantially prejudiced, and whether the neglect was attributable to the party himself rather than his counsel. <u>Batson v. Neal Spelce Associates, Inc.</u>, 765 F.2d 511, 514 (5th Cir. 1985). In addition, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. <u>Hulsey v. State of Texas</u>, 929 F.2d 168, 171 (5th Cir. 1991); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988); <u>Brinkman v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 749 (5th Cir. 1987); <u>Lopez v. Aransas County Independent School District</u>, 570 F.2d 541, 544-45 (5th Cir. 1978).

The discovery conduct exhibited by plaintiff in the instant case is nothing new, particularly as it relates to the production of tax information which is undoubtedly relevant in cases like this one where a party asserts that he is entitled to lost wages. <u>Reed v. Tokio Marine and Nichido Fire Insurance Company, Ltd.</u>, No. 09-CV-0676, 2010 WL 420921 at *2 (W.D. La. Feb. 1, 2010); <u>Butler v. Exxon Mobil Refining and Supply Company</u>, No. 07-CV-0386, 2008 WL 4059867 at *2 n.5 (M.D. La. Aug. 28, 2008). As far back as July 24, 2002, the Court awarded the defendants in that case $1,000 in

attorneys' fees and expenses, payable by plaintiff himself, after he failed to execute authorizations allowing for the release of his tax returns.  See Murungi v. Simmons, et al., No. 01-CV-2435 "A"(5)(rec. docs. 49, 80).  The Court also cannot help but wonder whether plaintiff's lawsuit would have proceeded differently had it originally been filed here and thus subject to the pre-filing screening requirements that were imposed by the District Judge in Murungi, et al. v. Mercedes Benz Credit Corporation, Inc., No. 02-CV-1778 "N"(2).  Id. (rec. doc. 60).[1]/ Notwithstanding the lengthy venue analysis that was undertaken by the Western District before transferring this suit here, it ultimately found that the only connection that it had with the matter was that plaintiff had moved there shortly before suit was filed.  That raises the spectre of forum shopping in an attempt to avoid the consequences of valid court orders that were imposed to curb his frivolous filings and as

---

[1] In that case, plaintiff unsuccessfully attempted to relitigate claims that had previously been decided and the lawsuit was ultimately dismissed with prejudice as a sanction under Rule 11, as frivolous, and as barred by the doctrine of res judicata.  He was then cast in judgment for the attorney's fees that were expended by the defendant in defending the vexatious suit and when judgment debtor examination proceedings were initiated in an effort to collect on the judgment, plaintiff initially failed to appear for those proceedings and, when he did do so under threat of arrest, he refused to answer a litany of relevant questions and provided false responses in answer to others.  That led to the District Judge finding Murungi in contempt of court, incarcerating him overnight, and instructing the Clerk of Court not to accept any pleadings, motions, or other documents for filing by him unless prior leave to file was granted by a judge of this court.  Undaunted, plaintiff appealed that ruling to the Fifth Circuit which dismissed the appeal as frivolous.  Murungi v. Daimler Chrysler Services North America, 67 Fed. Appx. 247 (5th Cir. 2003).

a sanction for discovery abuses.   The Court also notes that plaintiff's related lawsuit in state court against Touro and its employees met a fate similar to the one that is recommended herein after he willfully disobeyed court orders directing him to respond to the defendants' discovery requests.  Murungi v. Touro Infirmary, ___ So.3d ___, 2013 WL 781914 (La. App. 4th Cir. 2013).

     That having been said, plaintiff's obstreperous course of conduct in this case is but a continuation of a pattern of behavior which he has exhibited in other lawsuits in this forum and in state court and which compels the conclusion that it is the result of wilfulness and bad faith.  At the hearing that was held on March 1, 2013, the Court held defendants' requests for fees and costs in abeyance with the hope that the threat of those lesser sanctions might prod plaintiff into a mode of operation that is acceptable under the Federal Rules of Civil Procedure.  Unfortunately, that proverbial "Sword of Damocles" did not have its intended effect as plaintiff's recalcitrance proceeded through the defendants' most recent attempt to depose him on March 18, 2013.  With trial just a few months away and the deadline for the filing of dispositive motions looming, the prejudice to defendants is obvious.  As plaintiff is proceeding pro se in this matter, his discovery failures and refusals to abide by the Court's orders are attributable to him alone.  Doe v. American Airlines, 283 Fed.

11

Appx. 289 (5th Cir. 2008), <u>cert</u>. <u>denied</u>, 555 U.S. 1140, 129 S.Ct. 1003 (2009).

<strong><u>RECOMMENDATION</u></strong>

For the foregoing reasons, it is recommended that defendants' motion be granted and that plaintiff's suit be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this <u>5th</u> day of ____<u>April</u>____, 2013.


ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE